UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:14-cr-035 |
| vs. | : | Judge Timothy S. Black |
| TONY DICKINSON, | : | |
| Defendant. | : | |

**ORDER REGARDING DEFENDANT'S REQUESTS
FOR TRANSCRIPTS, DOCUMENTS, AND
APPOINTMENT OF COUNSEL (Docs. 249, 291, 292, 298, 299)**

This criminal case is before the Court on Defendant's motions for transcripts, documents, and appointment of counsel. (Docs. 249, 291, 292, 298, 299). Defendant states that he intends to file a motion to vacate pursuant to 28 U.S.C. § 2255 and, therefore, requests a transcript of his sentencing hearing, Presentence Investigation Report, sentencing memorandum, indictment, copies of various cases and secondary legal sources, and the appointment of counsel.[1] (*Id.*)

**I. BACKGROUND**

On March 19, 2014, Defendant Tony Dickinson and ten co-defendants were charged in a one-count indictment with conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (B)(i), and (c); all in violation of 21 U.S.C. § 846. (Doc. 13). Defendant was appointed counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. (Doc. 112).

---

[1] Defendant acknowledges receipt of his plea agreement, docket sheet, judgment, and a blank AO Form 243 (*i.e.*, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence). (Docs. 291, 292).

On July 14, 2014, Defendant appeared before the Court and pled guilty to the sole count pursuant to a Rule 11(c)(1)(C) plea agreement.[2] (Doc. 143). The binding plea agreement proposed a sentence of ninety-six (96) months imprisonment, to run concurrent with an eleven-year sentence Defendant was already serving for a state drug conviction.[3] (*Id.* at ¶ 2). The plea agreement also called for a minimum term of four (4) years supervised release, and payment of the $100 special assessment. (*Id*. at ¶¶ 2, 6(d), 10). The Court deferred acceptance of the plea agreement until it had the opportunity to review Defendant's Presentence Investigation Report ("PSR"). (Doc. 147).

Defendant's sentencing hearing was held on December 10, 2014. (Doc. 197). At the time of sentencing, the parties jointly asked to modify the terms of the plea agreement in order to reduce the proposed term of imprisonment from ninety-six (96) months to eighty-seven (87) months. (*Id.*) The Court ultimately accepted the plea agreement as modified, and sentenced Defendant to eighty-seven (87) months imprisonment, as well as four (4) years of supervised release. (*Id.*; Doc. 201). Defendant did not file a notice of appeal, and the time for doing so has passed.[4] *See* Fed. R. App. P. 4(b)(1).

---

[2] Pursuant to the terms of the plea agreement, Defendant took responsibility for 100 grams of heroin. (Doc. 143 at 1, 9). Accordingly, Defendant was subject to the penalties set forth under 21 U.S.C. § 841(b)(1)(B)(i), which call for a five-year mandatory minimum sentence. However, had Defendant been held responsible for one-kilogram of heroin, as charged in the indictment (Doc. 13), he would have faced a mandatory minimum term of ten years, up to a lifetime imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A)(i).

[3] On January 30, 2013, Defendant was convicted in the Circuit Court of Cook County in Chicago, Illinois, of Manufacture/Delivery of a Controlled Substance (Heroin), in case number 2013CR0402701. (PSR at ¶ 49). On February 4, 2014, Defendant was sentenced to eleven (11) years imprisonment and three (3) years of mandatory supervised release. *Id*.

[4] In his plea agreement, Defendant waived his right to direct appeal. (Doc. 143 at ¶ 13).

On May 14, 2015, Defendant filed a motion requesting a transcript of his sentencing hearing.[5] (Doc. 249). On July 27, 2015, Defendant filed a second motion requesting a transcript of his sentencing hearing, as well as a copy of his PSR and sentencing memorandum. (Doc. 291). On August 4, 2015, Defendant filed a third motion for his sentencing transcript, PSR, and, additionally, requesting appointment of counsel to assist him in filing a motion to vacate under 28 U.S.C. § 2255. (Doc. 292). On August 21, 2015, Defendant filed a fourth motion, renewing his requests for the sentencing transcript, PSR, and appointed counsel. (Doc. 298). The August 21 motion also appends a list of cases, which Defendant asks the Court to provide for him, as he believes they are necessary for his § 2255 motion, and the county jail in which he is detained does not have a law library. (*Id*. at 2). On September 3, 2015, Defendant filed a fifth motion requesting a copy of his PSR, indictment, sentencing memorandum, sentencing transcript, and a form motion for appointment of counsel. (Doc. 299).

## II. ANALYSIS

### A. Request for Sentencing Transcripts

First, Defendant asks the Court to provide him with a transcript of his sentencing hearing, so that he may file a motion to vacate pursuant to 28 U.S.C. § 2255.[6] (Docs. 249, 291, 292, 298, 299).

---

[5] Due to an error in the Clerk's Office, the motion was erroneously filed as a notice and, therefore, was not addressed until Defendant's subsequent motions brought the matter to the Court's attention.

[6] While Defendant does not expressly state that he lacks the financial means to pay for the transcript, he does ask that the Court to provide him with "the in forma pauperis papers" required

3

"[A]s a matter of equal protection … the [government] must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971); *accord United States v. Johnson*, 584 F.2d 148, 157 (6th Cir. 1978) ("[i]t is well settled that an indigent criminal defendant is entitled to a transcript of prior proceedings, at the government's expense, if it is reasonably necessary to present an effective defense at the subsequent proceeding"). Additionally, an indigent criminal defendant has a statutory right to obtain transcripts, without cost, for purposes of appeal or collateral attack, if the defendant is proceeding either under the Criminal Justice Act (18 U.S.C. § 3006A), or *in forma pauperis* (28 U.S.C. § 1915). *See* 28 U.S.C. § 753(f).[7]

An indigent defendant is not required to set forth a "particularized need" for the transcripts requested. *Britt*, 404 U.S. at 228. However, the underlying rationale for providing transcripts at no cost is that, "differences in access to the instruments **needed**

---

to appoint counsel. (Doc. 298). Additionally, Defendant, who has been unemployed and incarcerated since at least February 2014, was found indigent and appointed counsel for the trial court proceedings. Also, this Court reviewed Defendant's financial conditions at sentencing and found he lacked the ability to pay a fine. Therefore, for purposes of this order, the Court will assume that Defendant properly asserted his financial inability to pay for the transcript.

[7] Pursuant to 28 U.S.C. § 753(f):

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States … Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States … if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

**to vindicate legal rights**, when based upon the financial situation of the defendant, are repugnant to the Constitution." *Roberts v. LaVallee*, 389 U.S. 40, 42 (1967) (emphasis added). It is, therefore, implicit that a defendant, at the very least, should be attempting to "vindicate a legal right," before the Court expends government funds to provide him "access to the instruments needed." *Id*.

Accordingly, the Court is not required to provide transcripts to a defendant before he has asserted a facially viable claim. *See*, *e.g.*, *United States v. MacCollom*, 426 U.S. 317, 321 (1976) (holding that 28 U.S.C. § 753(f) authorizes the district court to furnish transcripts out of public funds for indigent defendants who have filed § 2255 motions only <u>after</u> the court determines that the motion is not frivolous and that the transcript is necessary). Therefore, "neither [28 U.S.C. § 1915] nor [28 U.S.C. § 753(f)] authorizes the furnishing of a transcript where there is no motion to vacate sentence pending." *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963) (*per curiam*).

Here, Defendant does not have an appeal, collateral attack, or any other related proceeding currently pending. Rather, Defendant requests a transcript of his sentencing hearing in order to prepare his § 2255 motion in the first instance. Further, while Defendant states that he intends to assert a claim for ineffective assistance of counsel, he offers no insight as to how the sentencing transcript relates to that, or any other claim. The Court acknowledges that Defendant is not required to set forth a "particularized

5

need" for his request; however, he is also not entitled to a transcript at the government's expense until he has shown that he is legitimately attempting to "vindicate a legal right."[8]

As Defendant has not yet filed his motion to vacate, nor has he demonstrated that he has a non-frivolous claim to assert, Defendant is not entitled to a free transcript. Accordingly, Defendant's request for a sentencing transcript is presently denied.

### B. Appointment of Counsel

Defendant asks the Court to appoint counsel to assist him in filing his motion to vacate. (Docs. 292, 298).

An indigent defendant does not have a constitutional right to counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Pursuant to the Rules Governing Section 2255 Cases, the Court must appoint counsel only if such appointment is necessary for effective discovery, or if an evidentiary hearing is warranted. *See* Section 2255 Rules 6(a), 8(c). Otherwise, the decision to appoint counsel under the Criminal Justice Act (18 U.S.C. § 3006A) in § 2255 cases is within the Court's discretion. *See* 18 U.S.C. § 3006A(a)(2)(B) ("[w]henever the United States magistrate judge or **the court determines that the interests of justice so require**, representation **may** be provided for any financially eligible person who … is seeking relief under section 2241, 2254, or 2255 of title 28") (emphasis added).

---

[8] *Corrigan v. Thoms*, 55 F. App'x 754, 756 (6th Cir. 2003) ("[t]o the extent [the defendant] wishes to mount a 'fishing expedition' for errors, the district court was not required to provide [him] with transcripts"); *Slawek v. United States*, 413 F.2d 957, 960 (8th Cir. 1969) (Blackmun, J.) ("a rich defendant may have the right to waste his money on unnecessary and foolish trial steps, but that does not, in the name of necessary constitutional equality, give the indigent the right to squander government funds merely for the asking").

Here, as previously stated, Defendant has not yet filed his motion to vacate. Accordingly, Defendant is not entitled to counsel under any of the circumstances specified in the Rules Governing Section 2255 Cases. Additionally, Defendant neither offers, nor does the Court find any reason why, the interests of justice would require appointment counsel in this particular case. Therefore, Defendant's request for appointed counsel is denied.

### C. Request for Documents

Finally, Defendant asks the Court to provide him with documents, including his PSR, indictment, sentencing memorandum, and copies of various cases and secondary sources. (Docs. 249, 291, 292, 298, 299).

An indigent defendant who has filed a § 2255 motion is entitled to receive copies of court documents from the court clerk without cost. *See* 28 U.S.C. § 2250 ("the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge").[9] However, "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error." *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) (*per curiam*) (citations omitted). Thus, a defendant must first file his § 2255 motion, before he is entitled to

---

[9] The Court notes that the language of 28 U.S.C. § 2250 refers only to habeas corpus proceedings. However, § 2250 has generally been extended and applied equally to motions to vacate under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Sepulveda*, Case No. 4:13CR33, 2014 WL 7410105, at * 5 (N.D. Ohio, Dec. 31, 2014).

court documents at no cost.  *See*, *e.g.*, *United States v. Lewis*, 37 F.3d 1510 (10th Cir. 1994); *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) (*per curiam*).

### 1. PSR

First, Defendant requests a copy of his PSR, in order to prepare his motion to vacate.  (Docs. 249, 291, 292, 298, 299).

The preparation of a PSR is generally required before the Court imposes sentence in a criminal case.  Fed. R. Crim. P. 32 (c)(1).  The PSR must provide information regarding the application of the advisory sentencing guidelines, as well as the defendant's history, characteristics, criminal record, financial status, offense conduct, and anything else that may be relevant to the Court's assessment of the 18 U.S.C. § 3553(a) factors. Fed. R. Crim. P. 32(d).  In short, the PSR is a critical document to sentencing proceedings and, accordingly, will likely contain relevant information to a defendant's § 2255 motion. However, the Court notes that the PSR is also a confidential document, which often contains sensitive information regarding the defendant and the offense.[10]

---

[10] Indeed, in order to maintain safety and security, the Bureau of Prisons ("BOP") specifically prohibits an inmate from retaining possession of his PSR.  *See* BOP Program Statement 1351.05, <u>Release of Information</u>, *available at* www.bop.gov/policy/progstat/1351_005_CN-1.pdf.  The BOP explains that:

> Many PSRs and SORs contain information regarding the inmates' government assistance, financial resources, community affiliations, etc.  The Bureau has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs and SORs to learn if they are informants, gang members, have financial resources, etc. Inmates who refuse to provide the documents are threatened, assaulted, and/or seek protective custody. Likewise, inmates providing PSRs and SORs containing harmful information are faced with the same risks of harm.

Here, as an initial matter, the Court is reluctant to provide Defendant a copy of the PSR when possession of the document is so highly regulated in federal facilities for reasons of safety and security.[11]  Further, apart from specifics as to the guideline calculation, the PSR's content is largely based on Defendant's <u>own</u> personal and criminal history, and the offense conduct.  Additionally, Defendant had the opportunity to review the PSR with counsel prior to sentencing.  In other words, the Court does not believe that Defendant necessarily requires a copy of his PSR in order to preliminarily identify his constitutional claims for a motion to vacate.[12]

Accordingly, Defendant's request for a copy of his PSR is denied at this time.

### 2. *Sentencing Memorandum and Indictment*

Next, Defendant requests a copy of his sentencing memorandum.  (Docs. 249, 291, 292, 298, 299).  Neither the indictment (Doc. 13), nor the sentencing memorandum (Doc. 186), are filed under seal, nor with any access restrictions.  While Defendant has

---

*Id*. at 16-17.  However, in compliance with federal law, all BOP facilities provide inmates with a reasonable opportunity to access their PSRs, and other sentencing documents, by submitting an appropriate request to unit staff.  *Id*. at 17.  Program Statement 1351.05 details the procedures for requesting access to PSRs, SORs, and other sentencing documents.  *Id*. at 17-19.  Under any other circumstances, inmates found to be in possession of prohibited documents are subject to disciplinary action.  *Id*. at 16.

[11] The Court acknowledges that Defendant is not currently in a BOP facility.  Rather, Defendant is detained at the Jerome Combs Detention Center (a county facility in Kankakee, Illinois), having been indicted federally in another drug conspiracy case.  *See United States v. Dickinson*, Case No. 1:15-cr-227 (N.D. Ill. Apr. 23, 2015).  Regardless, the Court finds no reason to doubt that the same safety and security considerations apply in a state facility as in a federal one.

[12] *See United States v. Redding*, Case No. 04-80057, 2011 WL 2078954, at *3 (E.D. Mich. May 25, 2011) ("because Defendant was present at each of the key proceedings in this case, including his plea and sentencing hearings, he presumably did not need to review the court record in order to identify, with at least a modest degree of specificity, any possible grounds for seeking § 2255 relief").

not yet filed his § 2255 motion so as to trigger any right to court documents at no cost, the Clerk's office has previously sent Defendant copies of his plea agreement and judgment. Accordingly, the Court grants Defendant's additional requests for his indictment and sentencing memorandum.

### 3. Case Law

Finally, Defendant's most recent motion includes a list of cases and secondary sources, which Defendant asks the Court to provide for him.[13] (Doc. 298 at 2). Defendant states that he is unable to obtain copies on his own, as the county facility where he is currently detained does not have a law library.[14] *Id.*

"It is well established that prisoners have a constitutional right to access the courts." *Coleman v. Governor of Michigan*, 413 F. App'x. 866, 874 (6th Cir. 2011) (citing *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977)). "[A]dequate law libraries are **one** constitutionally acceptable method to assure [such] meaningful access." *Bounds*, 430 U.S. at 830 (emphasis added). However, "*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines[.] … The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v.*

---

[13] Defendant's request includes the following: *Moss v. United States*, 323 F.3d 445 (6th Cir. 2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Masciola v. United States*, 469 F.2d 1057 (3rd Cir. 1972); *United States v. Medina*, 728 F.3d 701 (7th Cir. 2013); *United States v. Are*, 590 F.3d 499 (7th Cir. 2009); *United States v. Dean*, 574 F.3d 836 (7th Cir. 2009); *United States v. Wilson*, 502 F.3d 718 (7th Cir. 2007); *The Hidden Right to Direct Appeal from a Federal Conviction*, 64 Cornell L. Rev. 319 (1979); and ALI Code of Pre-Arraignment Procedures § 350.9 (1975).

[14] It bears noting that the Illinois Administrative Code requires library services, including access to up-to-date legal materials, be made available to all detainees. 20 Ill. Adm. Code 701.230(a).

*Casey*, 518 U.S. 343, 355 (1996). In other words, prisoners must be given reasonable access to legal research, or some other form of legal assistance, so that they may attempt to set forth non-frivolous claims in a procedurally appropriate manner. *Bounds*, 430 U.S. at 825-26 (1977).

Here, Defendant provides a list of specific cases and secondary sources, which he believes will support his § 2255 motion. (Doc. 298 at 2). However, the specificity of Defendant's request demonstrates that he has access to legal information or assistance.[15] Otherwise, Defendant would have no way of determining which cases to request. Additionally, by identifying particular cases as relevant, Defendant further demonstrates that he knows the basis for the claims he intends to raise in his § 2255 motion. Therefore, for the time being, Defendant should be able to adequately articulate those claims in a motion to vacate.

Accordingly, Defendant's request for the Court to provide him with legal research is denied.

### III. CONCLUSION

The Court notes that Defendant's difficulty in accessing research and court documents is largely the result of his current detention in a county facility, and will likely be resolved once Defendant's pending federal case has concluded and he is moved to a BOP facility. Therefore, the Court declines to expend government resources to provide

---

[15] Administrative staff at the Jerome Combs Detention Center confirms that, while there is no *formal* law library at the facility, inmates have access to legal information, including federal law books.

11

Defendant with tools not constitutionally required, that he will gain access to in due course, and which he may never even need.

Moreover, once Defendant files his § 2255 motion, the Court will be in a position to assess Defendant's claims and provide him with any necessary tools, including, if appropriate, access to court documents, transcripts, and counsel.  However, Defendant is not entitled to, and the Court will not provide, such resources until such time as Defendant demonstrates that he is indeed attempting to vindicate his legal rights by asserting non-frivolous claims.

Based upon the foregoing, the Court **DENIES** without prejudice Defendant's requests for a transcript of the sentencing hearing, appointment of counsel, his PSR, and copies of cases and secondary sources.  (Docs. 249, 291, 292, 298, 299).  However, the Clerk's Office shall provide Defendant with a copy of the Indictment (Doc. 13) and his sentencing memorandum (Doc. 186).

**IT IS SO ORDERED**.

Date:  9/14/15

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge