UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:14-cr-35 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| TONY DICKINSON (8), | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE & MOTIONS FOR SENTENCING CREDIT**

This criminal case is before the Court on Defendant's *pro se* motion for compassionate release (Doc. 352), as well as subsequently-appointed counsel's Supplemental Memorandum (Doc. 358),[1] and the Government's response in opposition (Doc. 359).

On July 14, 2014, Defendant appeared before this Court and entered a plea of guilty to Count 1 of the Indictment, charging conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846.  (Docs. 13, 147).  Defendant entered his plea pursuant to a Rule 11(c)(1)(C) plea agreement, in which the parties proposed a sentence of 96-months imprisonment, to run concurrent with an 11-year sentence Defendant was serving for an Illinois state drug conviction.[2]  (Doc. 143 at ¶ 2).

---

[1] Pursuant to the Southern District of Ohio's Amended General Order 20-21, this Court promptly appointed counsel upon receipt of Defendant's *pro se* compassionate release motion.  (Doc. 354).

[2] On January 30, 2013, Defendant was convicted in the Circuit Court of Cook County in Chicago, Illinois, of Manufacture/Delivery of a Controlled Substance (Heroin), in case number 2013CR0402701.  (PSR at ¶ 49).  On February 4, 2014, Defendant was sentenced in that case to 11-years imprisonment and three-years of mandatory supervised release.  (*Id.*)

On December 10, 2014, the case proceeded to sentencing, at which time the parties jointly asked to modify the terms of the plea agreement, in order to reduce the proposed term of imprisonment from 96-months to 87-months.  (*Id*.)  This Court accepted the Rule 11(c)(1)(C) plea agreement, as modified, and sentenced to Defendant to 87-months imprisonment, to be served concurrently to the undischarged portion of Defendant's Illinois state sentence.  (*Id.*; Doc. 201).

Subsequently, in April 2015, Defendant was indicted on an additional federal drug trafficking conspiracy charge in the Northern District of Illinois ("NDIL").  *United States v. Tony Dickinson*, No. 1:15cr227 (N.D. Ill., Apr. 23, 2015).  On December 4, 2015, Defendant appeared before U.S. District Judge Rebecca Pallmeyer in NDIL and was sentenced in the NDIL case to a term of 60-months imprisonment, 36 months of which were ordered to run concurrent to both the 11-year Illinois sentence, as well as Defendant's 87-month federal sentence imposed in the instant case.  (NDIL Doc. 40).

On July 14, 2020, Defendant filed a motion for compassionate release in the NDIL case.  (NDIL Doc. 67).  Initially, the NDIL court denied the motion, under the mistaken belief that Defendant had completed his NDIL sentence and that Defendant's continued detention was solely for the 87-month sentence imposed by this Court.  (NDIL Doc. 81, 93).

However, on February 10, 2021, Defendant sought reconsideration from the NDIL court, in support of which Defendant offered evidence indicating that he was actually still serving the NDIL sentence, <u>not this Court's 87-month sentence</u>.  (NDIL Docs. 87, 103).  Based upon the evidence presented, the NDIL court substantively considered Defendant's

motion for compassionate release and ultimately denied it. (NDIL Doc. 102). Following the substantive denial of his motion, Defendant again sought reconsideration from the NDIL court, which motion the NDIL court also denied. (NDIL Doc. 104). In relevant part, the NDIL court held as follows:

> The [NDIL] court understands [Defendant's] arguments that **it is this court, not the Southern District of Ohio, that should decide his motion. The court agrees**, and has concluded the motion must be denied, for the reasons explained in the court's March 15, 2021 order 102. Specifically, the court noted [Defendant's] significant criminal history, and the fact that previous custodial sentences appear not to have deterred criminal conduct. [Defendant's] earlier expressions of concern about COVID-19 prompt the court to encourage him to take the vaccine, if he has not already done so. He is scheduled for release from custody in about eight months.

(*Id.*) (Emphasis added).

Thus, Defendant has already been denied compassionate release from the appropriate court. And, significantly, the documentation Defendant himself proffered to the NDIL court evidences Defendant's knowledge and understanding of the fact that, as of February 10, 2021, he had fully served this Court's 87-month sentence. (NDIL Doc. 97 at 4, 6, 21-23 & NDIL Doc. 103 at 2-3, 16-17).

In other words, before Defendant's instant motion for compassionate release was ripe for decision, Defendant was already well-aware of the fact that this Court cannot grant him compassionate release because Defendant had already completed this Court's sentence. Regardless, however, Defendant continued to seek compassionate release in this Court, and then sought intervention from the Court of Appeals to compel this Court to rule on a motion that Defendant knew was entirely moot.

3

As Defendant's sentence to this Court has already been satisfied, and indeed was fully satisfied before Defendant's motion for compassionate release was ripe for decision, this Court has no jurisdiction to grant compassionate release. Therefore, Defendant's motion for compassionate release must be denied.

Also pending are Defendant's: (1) motion "to correct a clerical error" (Doc. 348); (2) "ex parte request for expedited consideration of summary judgment" (Doc. 350); and (3) "motion for status review" (Doc. 351). In short, in each of these motions, Defendant is seeking an Order from this Court to compel the Bureau of Prison's to credit Defendant for time spent in custody, despite Defendant not being entitled to such credit. Notably, this Court has already **twice** denied Defendant the exact same relief. (Not. Orders, Apr. 12, 2018 & May 1, 2018).[3]

Based upon the foregoing, Defendant's motion for compassionate release (Doc. 352), Defendant's motion "to correct a clerical error" (Doc. 348), Defendant's "ex parte request for expedited consideration of summary judgment" (Doc. 350), and Defendant's "motion for status review" (Doc. 351) are **DENIED**. Additionally, as Defendant's

---

[3] Months after his sentencing, Defendant filed several (mostly contemporaneous) motions seeking copies of his sentencing transcript, PSR, and other documentation. (Docs. 249, 291, 292, 298, 299). Defendant also filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. (Doc. 302). The Court promptly denied all of his motions by way of two thorough, written Orders. (Docs. 300, 303). Since that time, Defendant has continuously bombarded this Court with motions seeking relief that is either untimely, inapplicable under the law, or otherwise redundant of previously denied motions. (Docs. 309, 310, 311, 313, 314, 315, 317, 319, 320, 321, 322, 323, 331, 335, 336, 337, 338, 340, 342, 343, 344, 348, 350, 351). And as soon as the Court addresses Defendant's motions, a new batch of his *pro se* filings arrives. Finally, when Defendant is unsuccessful in the District Court, he turns his attention to the Court of Appeals. (Docs. 312, 316, 318).

federal sentence in the instant case has expired, the Court will summarily deny any future *pro se* filings directed at Defendant's conviction or sentence.

**IT IS SO ORDERED.**

Date:  9/13/2021

*Timothy S. Black* (signature)
Timothy S. Black
United States District Judge